# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAEKUBIAN A. BARROW,<br><br>    Plaintiff,<br><br> v.<br><br>WARDEN CALIFORNIA MEDICAL FACILITY, CORCORAN, et al.,<br><br>    Defendant.<br>_____/ | CASE NO. 1:10-cv-154-MJS (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF<br><br>(ECF No. 15) |

Plaintiff Raekubian A. Barrow ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the magistrate judge handling all matters in this case. (ECF No. 6.)

Plaintiff initiated this action on February 1, 2010 by filing a complaint alleging that Correctional Officer Martinez violated his Eighth Amendment right to be free from excessive force by kicking the food port to his cell while his hands and arms were in the port. (ECF No. 1.) The event described in Plaintiff's Complaint took place on October 8, 2008 at CSP-Corcoran, where Plaintiff was then imprisoned.

Plaintiff has since been relocated to CSP-Solano. On September 30, 2010, Plaintiff sent a letter to the Court stating that he had been assaulted on September 8, 2010 and September 25, 2010. Plaintiff also claims that he was placed in administrative segregation on September 25, 2010. Although the relief Plaintiff seeks is not entirely clear, he appears to be asking the Court to order his release from administrative segregation. (ECF No. 15.) The Court construes this request as one for injunctive relief.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the

1  Court must have before it an actual case or controversy. <u>City of Los Angeles v. Lyons</u>, 461
2  U.S. 95, 102 (1983); <u>Jones v. City of Los Angeles</u>, 444 F.3d 1118, 1126 (9th Cir. 2006).
3  If the Court does not have an actual case or controversy before it, it has no power to hear
4  the matter in question. <u>Id.</u>

5      Plaintiff's complaint—which defines the controversy currently pending before the
6  Court—involves a separate incident that occurred in a different prison facility from the
7  events complained of in the instant letter. Any orders relating to the events complained of
8  in the September 30, 2010 letter would not remedy the claim upon which this action
9  proceeds. Moreover, the events complained of in the September 30, 2010 letter had not
10 yet occurred when Plaintiff initiated this action and cannot, therefore, be subsumed by
11 Plaintiff's Complaint.

12     Accordingly, the Court lacks jurisdiction to issue the order sought by Plaintiff and
13 Plaintiff's September 30, 2010 motion for injunctive relief is DENIED.
14 IT IS SO ORDERED.
15 Dated: October 8, 2010         /s/ *Michael J. Seng*
16                                                 UNITED STATES MAGISTRATE JUDGE