1
2
3
4
5
6
7          UNITED STATES DISTRICT COURT

8            EASTERN DISTRICT OF CALIFORNIA

9

10   RAEKUBIAN A. BARROW,                CASE NO.    1:10-cv-00154-MJS (PC)

11              Plaintiff,               ORDER   DISMISSING   PLAINTIFF'S
                                         COMPLAINT WITH LEAVE TO AMEND
12        v.
                                         (ECF No. 1)
13   WARDEN   CALIFORNIA   MEDICAL
14   FACILITY, et al.,                   AMENDED   COMPLAINT   DUE   WITHIN
                                         THIRTY (30) DAYS
15              Defendants.

16   _____/

17

18                          **SCREENING ORDER**

19   **I.    PROCEDURAL HISTORY**

20
21        On February 1, 2010, Plaintiff Raekubian A. Barrow, a state prisoner proceeding pro

22   se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF

23   No. 1.)  Plaintiff's Complaint is now before the Court for screening.

24   **II.   SCREENING REQUIREMENT**

25        The Court is required to screen complaints brought by prisoners seeking relief

26   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

27

                                         1

§ 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III.   SUMMARY OF COMPLAINT

The Complaint names the Warden of California Medical Facility ("CMF") and Correctional Officer Martinez of the California Substance Abuse Treatment Facility and State Prison ("SATF") as defendants in this action.  Section "IV. Statement of Claim" contains a single sentence: "See attached greivance/my Eight Amendment rights are 'violated,' of the Constitution."  (Compl. at 3.)  In the following section titled "V. Relief" Plaintiff asserts that Defendant Martinez kicked shut a port where Plaintiff's hands and arms had been.  (Id.)  Attached to the Complaint are twenty-one pages of various institutional appeals that complain of Defendant Martinez's action.

///

///

2

**IV.  ANALYSIS**

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Id. at 1949-50.

The allegations in the body of the Complaint amount to three incomplete sentences. The Complaint itself does not contain enough factual allegations for the Court to determine whether there is a cognizable claim aserted in it.  The Court cannot allow Plaintiff to rely exclusively on exhibits for the presentation of the facts to his case.  Plaintiff cannot attach exhibits to his claims with the expectation that the Court will read the exhibits and extract the necessary factual information to construct a cognizable claim on Plaintiff's behalf.  The burden of presenting the facts of his case in a "short and plain" manner must be carried by Plaintiff.

3

Arguably, Plaintiff seeks to assert a claim of application of excessive force in violation of his Eighth Amendment rights.  In the event Plaintiff chooses to file an amended complaint, the following sections will provide a framework of the law applicable to such claims.

### A.    Section 1983 Linkage Requirement

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

The statute clearly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  Iqbal, 129 S.Ct. at 1948.  Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions.  Id. at 1948.  In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

### B.    Excessive Force

The Eighth Amendment prohibits those who operate our prisons from using

4

"excessive physical force against inmates." <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994); <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1246, 1250 (9th Cir. 1982) (prison officials have "a duty to take reasonable steps to protect inmates from physical abuse"); <u>see</u> <u>also</u> <u>Vaughan v. Ricketts</u>, 859 F.2d 736, 741 (9th Cir. 1988), cert. denied, 490 U.S. 1012 (1989) ("prison administrators' indifference to brutal behavior by guards toward inmates [is] sufficient to state an Eighth Amendment claim").  As courts have succinctly observed, "[p]ersons are sent to prison as punishment, not for punishment." <u>Gordon v. Faber</u>, 800 F.Supp. 797, 800 (N.D. Iowa 1992) (citation omitted), aff'd, 973 F.2d 686 (8th Cir.1992).  "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" <u>Farmer</u>, 511 U.S. at 834, (<u>quoting</u> <u>Rhodes</u>, 452 U.S. at 347).

When a prison official stands accused of using excessive physical force in violation of the cruel and unusual punishment clause of the Eighth Amendment, the question turns on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm." <u>Hudson v. McMillian</u>, 503 U.S. 1, 7 (1992) (<u>citing</u> <u>Whitley v. Albers</u>, 475 U.S. 312, 320-21 (1986)).  In determining whether the use of force was wanton and unnecessary, it is proper to consider factors such as the need for application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response. <u>Hudson</u>, 503 U.S. at 7.  The extent of a prisoner's injury is also a factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation. <u>Id.</u>  Although the absence of serious injury is relevant to the Eighth Amendment inquiry, it is not determinative. <u>Id.</u>  That is, use of excessive physical force against a prisoner may constitute cruel and

unusual punishment even though the prisoner does not suffer serious injury.  Id. at 9.

Although the Eighth Amendment protects against cruel and unusual punishment, this does not mean that federal courts can or should interfere whenever prisoners are inconvenienced or suffer de minimis injuries.  Hudson, 503 U.S. at 6-7 (8th Amendment excludes from constitutional recognition de minimis uses of force).  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether significant injury is evident.  Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).  However, not "every malevolent touch by a prison guard gives rise to a federal cause of action."  Hudson, 503 U.S. at 9.  "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'"  Id. at 9-10 (internal quotations marks and citations omitted).

Plaintiff's complaint does not satisfy the above-described prerequisites of a cognizable  Eighth Amendment claim.  Plaintiff does not adequately describe the circumstances surrounding the event about which he complains.  The court can not determine what motivated the complained-of action or whether Plaintiff alleges he was injured in any way whatsoever as a result of the action.

**V.     CONCLUSION AND ORDER**

The Complaint does not state a claim for relief under section 1983.  The Court will grant Plaintiff an opportunity to file an amended complaint.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff opts to amend, he must demonstrate that the alleged

acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)).   Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.   As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case.   Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY RECOMMENDED that:

1.     The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed February 1, 2010;

2.      Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3.      Plaintiff shall file an amended complaint within thirty (30) days; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to prosecute.


IT IS SO ORDERED.

Dated:    October 25, 2011               /s/ *Michael J. Seng*

ci4d6                                UNITED STATES MAGISTRATE JUDGE