# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAEKUBIAN A. BARROW,<br><br>    Plaintiff,<br><br>  v.<br><br>WARDEN CALIFORNIA MEDICAL FACILITY, CORCORAN, et al.,<br><br>    Defendants.<br>_____/ | CASE NO.  1:10-cv-00154-MJS (PC)<br><br>ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 23)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

**SCREENING ORDER**

**I.   PROCEDURAL HISTORY**

On February 1, 2010, Plaintiff Raekubian A. Barrow, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)  Plaintiff consented to Magistrate Judge jurisdiction.  (ECF No. 6.)  Plaintiff's Complaint (ECF No. 1) was screened and dismissed on October 25, 2011, with leave to amend, for failure to state a cognizable claim.  (ECF No. 22.)  Plaintiff's First Amended Complaint is now before the Court for screening.  (ECF No. 23.)

1

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III. SUMMARY OF FIRST AMENDED COMPLAINT

The First Amended Complaint alleges that Correctional "Officer Martinez and others" violated Plaintiff's constitutional rights. (Am. Compl. at 1.)  Plaintiff identifies the "other" Defendants as the "Hearing Officers" who reviewed Plaintiff's inmate appeal "without interviewing witnesses, staff or inmates or video from ad seg unit." (Id. at 3.)

Plaintiff alleges the following:

Plaintiff's hands were protruding from the food slot of his cell door.  Defendant

2

Martinez kicked the food slot door closed and Plaintiff had to quickly pull his hands in to avoid having them struck by the door.  (Id. at 3.)  Martinez noted Plaintiff's hands outside the food slot and, "regardless of intent knew or should have known his actions would cause Plaintiff to have his hands and arms harmed or that Plaintiff would, as he did, snatch his hands back through the slot . . . ."  (Id.)

Plaintiff concludes that the aforementioned conduct violated his Eighth Amendment right to be free from excessive force.

## IV.    ANALYSIS

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Id. at 1949-50.

///

A.   **Excessive Force**

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. Wilkins v. Gaddy, __ U.S. __, __, 130 S.Ct. 1175, 1178 (2010) (per curiam); Hudson v. McMillian, 503 U.S. 1, 8-9 (1992). "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson, 503 U.S. at 8. "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

Whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the "core judicial inquiry" is "not whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" Wilkins, 130 S.Ct. at 1178 (citing Hudson, 503 U.S. at 7). "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of

force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted).

"The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id. The Supreme Court has recently clarified that injury and force are only imperfectly correlated, and it is the latter that ultimately counts. Wilkins, 130 S.Ct. at 1178-79 ("An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury"). "To conclude that the absence of some arbitrary quantity of injury requires automatic dismissal of an excessive force claim improperly bypasses Hudson's core inquiry of whether force was applied maliciously and sadistically to cause harm." Collier v. Hennessey, 2010 WL 1948677, *4 (N.D. Cal. May 13, 2010) (citing Wilkins, 130 S.Ct. at 1178); Jacobs v. Woodford, 2011 WL 1584429, *6 (E.D. Cal. Apr. 26, 2011) ("it is not necessary that Plaintiff suffer harm for a cause of action for excessive force to arise"): Schwenk v. Hartford, 204 F.3d 1187, 1196–97 (9th Cir. 2000) (under the Eighth Amendment, where a prison official's assault upon a prisoner lacks any legitimate penological justification and is "offensive to human dignity," "no lasting physical injury is necessary to state a cause of action"); Felix v. McCarthy, 939 F.2d 699, 702 (9th Cir.1991), cert. denied, 502 U.S. 1093 (1992) (unprovoked and unjustified attack on prisoner violates constitution regardless of degree of injury); see also Wright v. Director of Corrections, 2011 WL 2784070, *1 (9th Cir. 2011) (acknowledging that the district court improperly dismissed Plaintiff's excessive force claim based on an absence of evidence of physical injury rather than a consideration of the force applied under the circumstances.)

Plaintiff has not pled a claim of excessive force under the Eighth Amendment. Plaintiff alleges Martinez kicked a food slot door closed. He says his hands were visibly sticking through the slot before Martinez acted, suggesting that Martinez saw his hands there. But then, arguably paradoxically, he states "regardless of intent [Martinez] knew or should have known his actions would cause Plaintiff to have his hands and arms harmed . . . ." (Am. Compl. at 3.) This latter statement reflects that Plaintiff does not know whether Defendant knew his hands were in the opening. Moreover, Plaintiff says nothing to support a claim that Defendant Martinez kicked the door maliciously or sadistically or with any intent to harm Plaintiff or with knowledge that his actions would harm Plaintiff. Finally, although it is possible Plaintiff may have feared that his hands might be injured by Defendant's actions, it seems clear Plaintiff was not physically touched or harmed in any way whatsoever.

The Court will grant Plaintiff one more opportunity to amend this claim. In order to state a cognizable claim for excessive force in an amended complaint, Plaintiff must provide truthful facts, not just speculation or suspicion, that support the allegation that Martinez kicked the door shut maliciously, sadistically, and motivated by a desire to cause harm to Plaintiff. See, e.g., Dennis v. Huskey, 2008 WL 413772, *4, *5 (E.D. Cal. Feb. 13, 2008) (Plaintiff provided sufficient factual detail to support the allegation that the Defendant slammed the food port door shut maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline.) Plaintiff must also describe in detail what physical contact or injury, if any, he experienced as a result.

////

6

B.  **Due Process and Inmate Appeals**

The First Amended Complaint does not make clear whether the remaining Defendants, "Hearing Officers", allegedly violated Plaintiff's Eighth Amendment rights or his rights to Due Process.  Plaintiff alleges that "[t]he institution has conducted its hearing process with deliberate indifference to Plaintiff's constitutional rights." (Am. Compl. at 3.) Use of the phrase "deliberate indifference" indicates an Eighth Amendment claim. However, Plaintiff presents nothing to suggest how the "Hearing Officers" could have and did violate Plaintiff's Eighth Amendment rights.  The process by which the hearing was conducted is unlikely to give rise to a cognizable claim of deprivation necessary for an Eighth Amendment claim. See Escamilla v. Giurbino, 2008 WL 4493037, * 11 (S.D. Cal. Aug. 8, 2008) (allegations of Defendant misconduct in the hearing process "appear to be more relevant to a violation of Plaintiff's right to due process rather than a violation of Plaintiff's Eighth Amendment rights.")  In case Plaintiff is alleging a Due Process violation, the applicable law is set forth below.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

In Mann v. Adams, 855 F.2d 639 (9th Cir. 1988), the Ninth Circuit held that a

7

prisoner does not have a claim of entitlement to a grievance procedure. 855 F.2d at 640. This was reiterated in Ramirez v. Galarza, 334 F.3d 850 (9th Cir. 2003), when the Ninth Circuit observed that inmates do not have a separate constitutional entitlement to a grievance procedure. 334 F.3d at 860. Thus, the case law is clear that Plaintiff is not entitled, as a matter of federal law, to a grievance procedure.

Plaintiff has a First Amendment right to file prison grievances but does not have a right to any particular response. Johnson v. Subia, 2010 WL 3767732, *2 n. 3 (E.D. Cal. Sept. 22, 2010). Because a response to Plaintiff's 602 appeal does not implicate a liberty interest, Plaintiff cannot state a cognizable Due Process claim on this basis.

Plaintiff's claims against the "Hearing Officers" are also vague because the alleged violations are attributed to the Defendants as a group. The Court cannot determine the liability of each defendant until his or her conduct is described and connected to the alleged constitutional violations.

The Court will grant Plaintiff an opportunity to amend on the chance that there is something more about the hearing process than has been pled to date and which might give rise to a constitutional violation. Given the law as outlined above, Plaintiff might be better served to focus his efforts on his excessive force claim. Should Plaintiff chose to amend his claims against the "Hearing Officers", he must identify each Defendant individually and explain their role in specific wrongful events.

## V.     CONCLUSION AND ORDER

The Complaint does not state a claim for relief under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged

8

acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his First Amended Complaint, filed November 9, 2011;

2. Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to prosecute.

IT IS SO ORDERED.

Dated:   December 1, 2011          /s/ *Michael J. Seng*
ci4d6                              UNITED STATES MAGISTRATE JUDGE