UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAEKUBIAN A. BARROW,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN CALIFORNIA MEDICAL FACILITY, CORCORAN, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO.   1:10-cv-00154-MJS (PC)<br><br>ORDER FINDING A COGNIZABLE CLAIM AGAINST DEFENDANT S. MARTINEZ AND DISMISSING CLAIMS AGAINST DEFENDANTS OURIQUE, AKIN, AND ALLISON WITH PREJUDICE<br><br>(ECF No. 28) |

**SCREENING ORDER**

**I.   PROCEDURAL HISTORY**

On February 1, 2010, Plaintiff Raekubian A. Barrow, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)  Plaintiff consented to Magistrate Judge jurisdiction.  (ECF No. 6.)  Plaintiff's Complaint (ECF No. 1) and First Amended Complaint (ECF No. 23) were screened and dismissed on October 25, 2011 and December 1, 2011, respectively, with leave to amend, for failure to state a cognizable claim.  (ECF Nos. 22, 24.)  Plaintiff's Second Amended

1

Complaint is now before the Court for screening. (ECF No. 28.)

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III. SUMMARY OF SECOND AMENDED COMPLAINT

The Second Amended Complaint alleges that the following California State Prison, Corcoran officials violated Plaintiff's Eighth Amendment rights: Correctional Officer S. Martinez; Sgt. J. Ourique; Lt. T. Akin; and Chief Deputy Warden K. Allison.

Plaintiff alleges the following:

On November 10, 2008, Plaintiff, who appears black in complexion, became

concerned that a Hispanic inmate had been placed in his cell. "Due to ongoing tensions at the prison between Blacks and Hispanics, . . . Hispanics are normally placed in cells with other Hispanics." (Compl. at 4.) Plaintiff extended his hands through the food tray slot in his cell door and handed Defendant Martinez a note expressing his concern. (Id.) According to Plaintiff:

> Defendant S. Martinez became visibly angry at hearing [P]laintiff's words, balled up the note in his hands, and then, without warning, maliciously and sadistically kicked the cell door food tray slot shut. Plaintiff, whose arms and hands were protruding through the slot as he waited for a response from [D]efendant S. Martinez, fell back in order to avoid having the slot cover slam shut on him. In so doing, [P]laintiff's head struck the cement floor behind him causing a contusion and his hand became bruised after it struck the edge of his metal bunk. (Id.)

Defendant Ourique was Martinez's supervisor and witnessed the alleged excessive force; he pulled Martinez away from Plaintiff's cell after the tray door was kicked closed. (Id.) Defendant Akin supervised both Ourique and Martinez and Defendant Allison supervised all of the Defendants. (Id. at 3.)

## IV. ANALYSIS

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

3

mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. Wilkins v. Gaddy, __ U.S. __, __, 130 S.Ct. 1175, 1178 (2010) (per curiam); Hudson v. McMillian, 503 U.S. 1, 8-9 (1992). "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson, 503 U.S. at 8. "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

Whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the "core judicial inquiry" is "not

4

whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" Wilkins, 130 S.Ct. at 1178 (citing Hudson, 503 U.S. at 7). "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted).

"The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id. The Supreme Court has recently clarified that injury and force are only imperfectly correlated, and it is the latter that ultimately counts. Wilkins, 130 S.Ct. at 1178-79 ("An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury"). "To conclude that the absence of some arbitrary quantity of injury requires automatic dismissal of an excessive force claim improperly bypasses Hudson's core inquiry of whether force was applied maliciously and sadistically to cause harm." Collier v. Hennessey, 2010 WL 1948677, *4 (N.D. Cal. May 13, 2010) (citing Wilkins, 130 S.Ct. at 1178); Jacobs v. Woodford, 2011 WL 1584429, *6 (E.D. Cal. Apr. 26, 2011) ("it is not necessary that Plaintiff suffer harm for a cause of action for excessive force to arise"): Schwenk v. Hartford, 204 F.3d 1187, 1196–97 (9th Cir. 2000) (under the Eighth Amendment, where a prison official's assault upon a prisoner lacks any legitimate penological justification and is "offensive to human dignity," "no lasting physical injury is necessary to state a cause of action"); Felix v. McCarthy, 939 F.2d 699, 702 (9th Cir.1991),

cert. denied, 502 U.S. 1093 (1992) (unprovoked and unjustified attack on prisoner violates constitution regardless of degree of injury); see also Wright v. Director of Corrections, 2011 WL 2784070, *1 (9th Cir. 2011) (acknowledging that the district court improperly dismissed Plaintiff's excessive force claim based on an absence of evidence of physical injury rather than a consideration of the force applied under the circumstances.)

Plaintiff alleges that his "arms and hands were protruding through the [food tray] slot" when Defendant Martinez "without warning, maliciously and sadistically kicked the cell door food tray slot shut." (Compl. at 4.) Plaintiff fell back to avoid having his arms crushed and in the process struck his head on the concrete floor and his hand on the metal bunk. (Id.)

Plaintiff has adequately alleged that Defendant Martinez used excessive force in violation of the Eighth Amendment. Under the circumstances there is no indication that the force was applied in a good-faith effort to maintain or restore discipline. Instead, the factual allegations support the assertion that Defendant Martinez acted maliciously and sadistically to cause harm. Wilkins, 130 S.Ct. at 1178; See, e.g., Dennis v. Huskey, 2008 WL 413772, *4, *5 (E.D. Cal. Feb. 13, 2008) (Plaintiff provided sufficient factual detail to support the allegation that the Defendant slammed the food port door shut maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline.)

However, Plaintiff has failed to connect the remaining Defendants to the alleged violation. Defendants Ourique, Akin, and Allison make up Defendant Martinez's chain of command. Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a

named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

There are no facts indicating that either Defendant Ourique, Akin, or Allison participated in the excessive force, anticipated Martinez's actions, or promulgated a policy responsible for the constitutional violation. Each of the courts previous two screening orders instructed Plaintiff that any amended complaint must demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff appears to be unable to link Defendants Ourique, Akin, and Allison to the alleged constitutional violations. Accordingly, Plaintiff's claims against these Defendants are dismissed with prejudice. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

## V. CONCLUSION AND ORDER

Plaintiff's Second Amended Complaint sets forth a cognizable claim against Defendant S. Martinez for violating his Eighth Amendment right to be free from excessive

force. There are no other cognizable claims in the Second Amended Complaint.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's Eighth Amendment claims against Defendants Ourique, Akin, and Allison be DISMISSED with prejudice; and

2. This action proceed on Plaintiff's Second Amended Complain, filed January 9, 2012 against Defendant S. Martinez for violations of the Eighth Amendment.IT IS SO ORDERED.

Ci4d6Dated:   February 14, 2012         /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE