1

2

3

4

5

6

7

8      IN THE UNITED STATES DISTRICT COURT FOR THE

9      EASTERN DISTRICT OF CALIFORNIA

10

11   RAEKUBIAN A. BARROW,                          1:10-cv-00154-LJO-MJS (PC)

12        Plaintiff,
                                                 ORDER DENYING MOTION FOR
13   vs.                                         APPOINTMENT OF COUNSEL

14   WARDEN CALIFORNIA MEDICAL
     FACILITY, CORCORAN, et al,                  (ECF No. 45)
15
          Defendants.
16
     _____/
17
           Plaintiff Raekubian A. Barrow ("Plaintiff") is a state prisoner proceeding pro se in this
18
     civil rights action pursuant to 42 U.S.C. § 1983.  On June 6, 2012, Plaintiff filed a motion
19
     seeking the appointment of counsel.
20
           Plaintiff does not have a constitutional right to appointed counsel in this action, Rand
21
     v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney
22
     to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District
23
     Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989).
24
           In certain exceptional circumstances the Court may request the voluntary assistance
25
     of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.  However, without a
26
     reasonable method of securing and compensating counsel, the Court will seek volunteer
27
     counsel only in the most serious and exceptional cases.  In determining whether
28

                                              -1-

1  "exceptional circumstances exist, the district court must evaluate both the likelihood of

2  success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light

3  of the complexity of the legal issues involved." Id. (internal quotation marks and citations

4  omitted).

5        In the present case, the Court does not find the required exceptional circumstances.

6  Even if it is assumed that Plaintiff is not well versed in the law and that he has made

7  serious allegations which, if proved, would entitle him to relief, his case is not exceptional.

8  This Court is faced with similar cases almost daily.  Further, at this early stage in the

9  proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on

10  the merits, and based on a review of the record in this case, the Court does not find that

11  Plaintiff cannot adequately articulate his claims.  Id.

12        For the foregoing reasons, Plaintiff's Motion for Appointment of Counsel is DENIED,

13  without prejudice.

14

15

16

17

18

19                                                    IT IS SO ORDERED.

20  Dated:    June 11, 2012              /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28