IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAEKUBIAN A. BARROW,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>WARDEN CALIFORNIA MEDICAL FACILITY, CORCORAN, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE No.   1:10-cv-00154-LJO-MJS PC<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 56) |

　　　　Plaintiff Raekubian A. Barrow, a state prisoner proceeding pro se and in forma pauperis filed this civil rights action on February 1, 2010 pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On September 24, 2012, he filed a motion for appointment counsel (ECF No. 56), which is now before the Court.

　　　　Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (partially overruled on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998)), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

　　　　Without a reasonable method of securing and compensating counsel, the Court

will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

The burden of demonstrating exceptional circumstances is on the plaintiff. See Palmer, 560 F.3d at 970 (plaintiff "has not made the requisite showing of exceptional circumstances for the appointment of counsel"); accord, Alvarez v. Jacquez, 415 Fed. Appx. 830, 831 (9th Cir. 2011) (plaintiff "failed to show exceptional circumstances"); Simmons v. Hambly, 14 Fed. Appx. 918, 919 (9th Cir. 2001) (same); Davis v. Yarborough, 459 Fed. Appx. 601, 602 (9th Cir. 2011) (plaintiff "did not show the 'exceptional circumstances' required to appoint counsel under 28 U.S.C. § 1915(e)(1)").

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, the Court cannot make a determination at this early stage of the litigation that Plaintiff is likely to succeed on the merits. The excessive force issues underlying his presently cognizable Eighth Amendment claim against Defendant Martinez do not appear to be novel or unduly complex, and remain in dispute. The facts alleged relating to the November 10, 2008 incident appear straightforward and unlikely to involve extensive investigation and discovery.

The record in this case including the operative Second Amended Complaint demonstrate sufficient writing ability and legal knowledge to articulate the claim asserted. The Court does not find that at present, even with Plaintiff's chronic medical condition, disability and his participation in the mental health enhanced outpatient

1 program, he can not adequately articulate his claim. It appears he has been able to
2 effectively enlist the assistance of other inmates.
3     Additionally, it is not apparent on the record that before bringing this motion
4 Plaintiff exhausted diligent effort to secure counsel.[1] Plaintiff's lack of funds alone does
5 not demonstrate that efforts to secure counsel necessarily would be futile.
6     For the foregoing reasons, Plaintiff's motion for appointment of counsel (ECF No.
7 56) is HEREBY DENIED, without prejudice.

11 IT IS SO ORDERED.
12 Dated:    September 26, 2012            /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE

---

[1] See e.g. Thornton v. Schwarzenegger, 2011 WL 90320, *3-4 (S.D. Cal. 2011) (cases cited).