IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

RAEKUBIAN A. BARROW,

        Plaintiff,

vs.

WARDEN CALIFORNIA MEDICAL
FACILITY, CORCORAN, et al.,

        Defendants.

_____/

CASE No. 1:10-cv-00154-LJO-MJS (PC)

ORDER STRIKING SUA SPONTE
PLAINTIFF'S UNAUTHORIZED THIRD
AMENDED COMPLAINT

(ECF No. 59)

## I.    PROCEDURAL HISTORY

Plaintiff Raekubian A. Barrow, a state prisoner proceeding pro se and in forma pauperis, initiated this civil rights action on February 1, 2010 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.)

This matter proceeds on Plaintiff's Second Amended Complaint which states an Eighth Amendment claim against Defendant Martinez. (Order re Cognizable Claim, ECF No. 32.) On July 3, 2012, Defendant Martinez filed his Answer. (Ans., ECF No. 48.) On July 5, 2012, the Court filed its Discovery and Scheduling Order (Discov. and Sched. Order, ECF No. 49), setting a Deadline to Amend Pleadings of January 5, 2013, a Discovery Cut-Off Date of March 5, 2013, and a Dispositive Motion Deadline

-1-

1  of May 16, 2013.

2      On December 19, 2012, Plaintiff lodged a Third Amended Complaint (Lodged

3  Third  Am. Compl., ECF No. 59), wherein he "seeks to amend his second amended

4  complaint to reflect an increase to $27,000,000 in the amount of monetary damages

5  due him from defendants." (Lodged Third Am. Compl. at 1.)

6  **II.**   **LEGAL STANDARDS**

7      A court has discretion to strike an amended pleading that does not comply with

8  Rule 15(a) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(f)(1); <u>Vasquez v.</u>

9  <u>Johnson County Housing Coalition Inc</u>., 2003 WL 21479186 at *1 (D. Kan. 2003).

10     Under Rule 15(a), a party may amend his pleading once as a matter of course

11  at any time before a responsive pleading is served. Otherwise, a party may amend

12  only by leave of the court, or by written consent of the adverse party, and leave shall

13  be freely given when justice so requires. Fed. R. Civ . P. 15(a).

14     "Rule 15(a) is liberal and leave to amend shall be given when justice so

15  requires." <u>Amerisource Bergen Corp. v. Dialysis West, Inc.</u>, 465 F.3d 946, 951 (9th

16  Cir. 2006), quoting Fed. R. Civ. P. 15(a).

17     Amended pleadings must be complete within themselves without reference to

18  another pleading. Partial amendments are not permissible. Local Rule 220.

19  **III.**   **ANALYSIS**

20     The Lodged Third Amended Complaint shall be stricken.

21     Plaintiff was required to obtain written consent of Defendant or leave of the

22  Court prior to amending his pleading. Fed. R. Civ. P. 15(a). <u>Sapiro v. Encompass Inc.</u>,

23  221 F.R.D. 513, 517 (N.D. Cal. 2004). Plaintiff did neither.

24     The Lodged Third Amended Complaint is not, in any event, a pleading

25  complete in and of itself, but instead refers to and is dependent upon the separate

26  underlying Second Amended Complaint. Local Rule 220. Every pleading must contain

27

28                                    -2-

1  "a short and plain statement of the claim showing that the pleader is entitled to relief . .

2  . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

3  "[t]hreadbare recitals of the elements of a cause of action, supported by mere

4  conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct.

5  1937, 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A

6  plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that

7  is plausible on its face." Id. Facial plausibility demands more than the mere possibility

8  that a defendant committed misconduct and, while factual allegations are accepted as

9  true, legal conclusions are not. Id. at 1949–50.

10      Although leave to amend should be freely given when justice so requires, it

11 appears Plaintff made no attempt to obtain Defendant's consent or the Court's

12 permission prior to lodging his Third Amended Complaint. His Lodged Third Amended

13 Complaint is not a proper amended pleading. Nothing other than confusion and delay

14 would be accomplished by allowing it to be filed.

15 **IV.    CONCLUSIONS AND ORDER**

16      Plaintiff's Lodged Third Amended Complaint is not an authorized pleading, and

17 is not sufficient as an amended pleading.

18      Accordingly, it is HEREBY ORDERED that Plaintiff's Lodged Third Amended

19 Complaint (ECF No. 59) is STRICKEN, without prejudice to Plaintiff seeking leave to

20 file any desired amended pleading in a manner compliant with the above standards

21 including Fed. R. Civ. P. 15(a) and Local Rule 220.

22

23 IT IS SO ORDERED.

24 Dated:      December 27, 2012          /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE

25

26

27

28                                    -3-