IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAEKUBIAN A. BARROW,<br><br>   Plaintiff,<br><br>   vs.<br><br>WARDEN CALIFORNIA MEDICAL FACILITY, CORCORAN, et al.,<br><br>   Defendants.<br>_____/ | CASE No. 1:10-cv-00154-LJO-MJS (PC)<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO STAY DEPOSITION AND FOR PROTECTIVE ORDER<br><br>(ECF No. 66) |

Plaintiff Raekubian A. Barrow, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on February 1, 2010 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) The matter proceeds on Plaintiff's Second Amended Complaint which states an Eighth Amendment claim against Defendant Martinez. (Order re Cognizable Claim, ECF No. 32.) The parties are presently in discovery. The discovery cut-off date is March 5, 2013. (Discov. and Sched. Order, ECF No. 49.)

On January 29, 2013, Plaintiff filed a Motion to Stop [his] Deposition Until the Assignment of Counsel. (Mot. re Dep., ECF No. 66.) He asserts such deposition "would be conducted in bad faith and in an unreasonable manner to annoy,

-1-

1  embarrass, or oppress [him] and that . . . limitation should be placed on the way in
2  which the deposition is taken because Plaintiff is pro se, in prison and mentally
3  impaired . . . and answering certain questions would violate confidentiality privileges . .
4  . ." (Mot. re Dep. at 1.)
5       The Court construes Plaintiff's motion as one for a discovery stay and
6  protective order. So construed, it shall be denied.
7       "Upon motion by a party or by the person from whom discovery is sought . . . ,
8  and for good cause shown, the court . . . may make any order which justice requires to
9  protect a party or person from annoyance, embarrassment, oppression, or undue
10 burden or expense . . . ." Fed. R. Civ. P. 26(c).
11      Plaintiff provides nothing to support his anticipation that the deposition will be
12 conducted unreasonably and in bad faith. He advises of no facts that might suggest a
13 stay or other protective order is necessary. See Blankenship v. Hearst Corp., 519 F.2d
14 418, 429 (9th Cir. 1975) (moving party bears heavy burden of showing why discovery
15 should not be had). The Court is vested with broad discretion to manage discovery.
16 Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v.
17 Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d
18 732, 751 (9th Cir. 2002).
19      The Court previously denied Plaintiff request for appointment of counsel. (Order
20 Deny Counsel, ECF No. 60.) He identifies no facts or legal or factual error which might
21 lead the Court to reconsider its ruling. Fed. R. Civ. P. 60(b)((6); Local Rule 230(j);
22 Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th
23 Cir. 2009).
24 ////////
25 ////////
26 ////////
27
28

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's Motion to Stop [his] Deposition Until the Assignment of Counsel (ECF No. 66), construed as a motion for discovery stay and protective order be DENIED.

IT IS SO ORDERED.

Dated:  February 1, 2013            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE