IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAEKUBIAN A. BARROW, | CASE No. 1:10-cv-00154-LJO-MJS (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S OBJECTION TO DEPOSITION VIA VIDEOCONFERENCE AND RENEWED REQUEST FOR APPOINTMENT OF COUNSEL |
| vs. | |
| WARDEN CALIFORNIA MEDICAL FACILITY, CORCORAN, et al., | (ECF No. 65) |
| Defendants. | |
| _____ / | |

I.     **PROCEDURAL HISTORY**

Plaintiff Raekubian A. Barrow, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on February 1, 2010 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.)

This matter proceeds on Plaintiff's Second Amended Complaint which states an Eighth Amendment claim against Defendant Martinez. (Order re Cognizable Claim, ECF No. 32.) The case is in the discovery phase. The discovery cut-off date is March 5, 2013. (Discov. and Sched. Order, ECF No. 49.)

Pending before the Court is Plaintiff's Objection to Defendant's Request to

-1-

Conduct Plaintiff's Deposition Via Videoconference and Renewed Request for Appointment of Counsel. (Plf. Obj., ECF No. 65.) Plaintiff objects to the Court's January 14, 2013 Order Granting Defendant's Request to Conduct Plaintiff's Deposition Via Videoconference (Order Grant Videoconference, ECF No. 64) on grounds Defendant did not reasonably attempt to obtain Plaintiff's stipulation to so proceed. He also renews, on unspecified grounds, his request for appointment of counsel which request the Court denied on December 21, 2012. (Order Den. Counsel, ECF No. 60.)

## II.     LEGAL STANDARD

Rule 60(b)(6) allows the Court to relieve a party from an order and judgment for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. In seeking reconsideration of an order, Local Rule 230(j) requires a party to identify the motion or order in issue and when it was made, and show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009), and "[a] party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation . . ." of that which was already considered by the court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

## III. ANALYSIS

### A. Deposition via Videoconference

Plaintiff argues Defendant must first make a reasonable attempt to obtain a stipulation to conduct his deposition via videoconference. There is no such requirement.

"The parties may stipulate--or the court may on motion order--that a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4).

Here Defendant motioned the Court for deposition by videoconference based on asserted travel cost constraints. (Mot. for Depo. by Videoconf., ECF No. 63.) Defendant stated in his motion that a stipulation could not reasonably be obtained because Plaintiff is proceeding pro se and is incarcerated.

The Court found good cause to grant the relief. Rule 30 does not require the parties' stipulation. The requirement of Federal Rules of Civil Procedure 26 and 37 that parties confer in an effort to resolve discovery matters does not apply in this action. (Discov. and Sched. Order at ¶ 5.)

The Court is vested with broad discretion to manage discovery. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

Plaintiff does not provide any legal or factual basis for the Court to reconsider its January 14, 2013 Order Granting Defendant's Request to Conduct Plaintiff's Deposition via Videoconference. He does not demonstrate facts or legal or factual error in the Court's January 14, 2013 Order. His objection to deposition by videoconference shall be denied.

### B. Appointment of Counsel

Plaintiff renews his December 13, 2012 motion for appointment of counsel (Mot. for Counsel, ECF No. 58), denied by the Court on December 21, 2012.

Plaintiff does not provide any legal or factual basis for the Court to reconsider its Order denying counsel. He does not show facts or legal or factual error in the Court's December 21, 2012 Order. His renewed request for appointment of counsel shall be denied.

## IV. ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's Objection to Defendant's Request to Conduct Plaintiff's Deposition Via Videoconference and Renewed Request for Appointment of Counsel (ECF No. 65) be DENIED.

IT IS SO ORDERED.

Dated:   February 1, 2013             /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE

-4-