IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAEKUBIAN A. BARROW,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>WARDEN CALIFORNIA MEDICAL FACILITY, CORCORAN, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE No. 1:10-cv-00154-LJO-MJS (PC)<br><br>ORDER (1) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO TAKE ORAL DEPOSITION OF PARTY AND NONPARTY BY VIDEOCONFERENCE; (2) DIRECTING PLAINTIFF TO MAKE REQUISITE SHOWING REGARDING ORAL DEPOSITION BY VIDEOCONFERENCE<br><br>(ECF No. 69)<br><br>TWENTY-DAY DEADLINE |

　　　　Plaintiff Raekubian A. Barrow, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on February 1, 2010 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.)

　　　　This matter proceeds on Plaintiff's Second Amended Complaint which states an Eighth Amendment excessive force claim against Defendant Martinez. (Order re Cognizable Claim, ECF No. 32.) The case is in the discovery phase. The discovery cut-off date is March 5, 2013. The dispositive motion deadline is May 16, 2013. (Discov. and Sched. Order, ECF No. 49.)

-1-

Pending before the Court is Plaintiff's Request to Conduct Defendant's Deposition Via Videoconference. (Plf. Mot. Dep., ECF No. 69). Plaintiff requests that his counsel[1] depose Defendant Martinez and former Defendant Ourique[2] via videoconference pursuant to Federal Rule of Civil Procedure 30(b)(4) so as to avoid travel costs. He explains he was unable to obtain a stipulation for the depositions because he is incarcerated and pro se.

"The parties may stipulate--or the court may on motion order--that a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4).

Deposition of a non-party requires service of a deposition subpoena in compliance with Rule 45 of the Federal Rules of Civil Procedure. Plaintiff is responsible for the full cost of a deposition including arranging for and compensating a court reporter, and paying for a transcript of the deposition. Plaintiff also is responsible for arranging service of any required deposition subpoena and costs thereof. 28 U.S.C. 1915(d). An oral deposition must be conducted in compliance with Rule 30 of the Federal Rules of Civil Procedure.

The Court will direct the Clerk's Office to send Plaintiff a copy of Rules 30 and 45. If, after reviewing the Rules, Plaintiff believes he is able to depose Defendant Martin and former Defendant Ourique in compliance with the Rules, including bearing the costs and fees thereof, Plaintiff shall notify the Court and make a showing, under penalty of perjury, that he is able to pay the costs and fees and is willing to serve the deposition subpoena and retain an officer to record the transcript and prepare the record.

At that juncture, the Court will determine what course of action is needed to

---

[1] The Court takes notice Plaintiff is proceeding in pro se.

[2] Claims against Defendant Ourique were dismissed on February 14, 2012. (Order Finding and Dismissing Claims, ECF No. 32.)

facilitate the deposition. Plaintiff is reminded that he is limited to seeking deposition testimony relevant to his Eighth Amendment excessive force claim against Defendant Martinez. Fed. R. Civ. P. 26(b)(1).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Request to conduct Defendant's Deposition Via Videoconference (ECF No. 69), filed February 4, 2013, is DENIED, without prejudice;

2. The Clerk's Office shall send Plaintiff a copy of Rules 30 and 45 of the Federal Rules of Civil Procedure; and

3. Plaintiff has twenty (20) days from the date of service of this Order within which to make the requisite showing regarding his ability to depose Defendant Martinez and former Defendant Ourique.

IT IS SO ORDERED.

Dated: February 8, 2013         /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE