1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAEKUBIAN A. BARROW, | **CASE No. 1:10-cv-00154-LJO-MJS (PC)** |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS DENYING DEFENDANT MARTINEZ'S MOTION FOR SUMMARY JUDGMENT** |
| v. | **(ECF No. 74)** |
| WARDEN CALIFORNIA MEDICAL FACILITY, CORCORAN, et al., | **FOURTEEN (14) DAY OBJECTION DEADLINE** |
| Defendants. | |

**I.    PROCEDURAL HISTORY**

Plaintiff Raekubian A. Barrow, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on February 1, 2010 pursuant to 42 U.S.C. § 1983. This matter proceeds on Plaintiff's Second Amended Complaint which states an Eighth Amendment excessive force claim against Defendant Martinez.

Pending before the Court is Defendant Martinez's motion for summary udgment.[1]

---

[1] Pursuant to <u>Woods v. Carey</u>, 684 F.3d 934 (9th Cir. 2012) and <u>Rand v. Rowland</u>, 154 F.3d 952 (9th Cir. 1998), Defendant notified Plaintiff of his rights, obligations and methods for opposing Defendant's motion. (ECF No. 74-1.)

1   (ECF No. 74.) Plaintiff filed a declaration opposing the motion on May 13, 2013. (ECF

2   No. 76.) Defendant filed a reply to the opposition on May 22, 2013.[2] (ECF No. 80.)

3          The motion is deemed submitted. Local Rule 230(*l*).

4   **II.     FACTUAL BACKGROUND**

5          Plaintiff claims that during his incarceration at California Substance Abuse and

6   Treatment Facility in Corcoran ("CSATF"), Defendant Correctional Officer Martinez used

7   excessive force against him.

8          More specifically, he alleges:

9          On October 10, 2008,[3] Plaintiff extended his hands through the food tray slot in

10  his cell door and handed Defendant Martinez a note expressing concern about his cell-

11  mate. Plaintiff claims Martinez became angry, balled up the note in his hands, and then,

12  without warning, maliciously kicked the cell door food tray slot shut. Plaintiff fell back in

13  order to avoid having the slot cover slam shut on him. In so doing, he bruised his hand

14  when it struck the edge of his metal bunk and also suffered a contusion when his head

15  struck the cement floor.

16         Plaintiff seeks monetary damages.

17  **III.    SUMMARY JUDGMENT STANDARD**

18         Any party may move for summary judgment, and the Court shall grant summary

19  judgment if the movant shows that there is no genuine dispute as to any material fact

20  and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a);

21  Washington Mutual Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's

22  position, whether it be that a fact is disputed or undisputed, must be supported by (1)

23  citing to particular parts of materials in the record, including but not limited to

24  depositions, documents, declarations, or discovery; or (2) showing that the materials

25

26  [2] Defendant's reply, though untimely (Local Rule 230(*l*)) is considered.

27  [3] Plaintiff's statement of claim attached to his verified pleading alleges the incident occurred on November
    10, 2008. (ECF No. 28 at 4 ¶¶ 2-4.) However, Plaintiff does not dispute the October 10, 2013 incident

28  date asserted and supported by Defendant.

1  cited do not establish the presence or absence of a genuine dispute or that the

2  opposing party can not produce admissible evidence to support the fact. Fed. R. Civ. P.

3  56(c)(1). While the Court may consider other materials in the record not cited to by the

4  parties, it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco

5  Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001).

6      If the moving party meets its initial responsibility, the burden then shifts to the

7  opposing party to establish that a genuine issue as to any material fact actually does

8  exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

9      In attempting to establish the existence of this factual dispute, the opposing party

10 may not rely upon the denials of its pleadings, but is required to tender evidence of

11 specific facts in the form of affidavits, and/or admissible discovery material, in support of

12 its contention that the dispute exists. Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586

13 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a

14 fact that might affect the outcome of the suit under the governing law, Anderson v.

15 Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Thrifty Oil Co. v. Bank of Am. Nat'l Trust

16 & Sav. Ass'n, 322 F.3d 1039, 1046 (9th Cir. 2002), and that the dispute is genuine, i.e.,

17 the evidence is such that a reasonable jury could return a verdict for the nonmoving

18 party, Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).

19     Summary judgment must be entered, "after adequate time for discovery and

20 upon motion, against a party who fails to make a showing sufficient to establish the

21 existence of an element essential to that party's case, and on which that party will bear

22 the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

23 **IV.   UNDISUPTED FACTS[4]**

24     1.   Plaintiff is an inmate in the custody of the California Department of

25         Corrections and Rehabilitation ("CDCR").

26

27 [4] All facts are taken from Defendant Martinez's separate statement of undisputed facts and the evidence cited in support of those facts. Plaintiff does not cite any evidence in the record which puts these alleged facts in dispute. Accordingly, they are deemed undisputed for purposes of this motion. Fed. R. Civ. P.

28 56(e)(2).

2.  At all times relevant to this lawsuit, Plaintiff was housed in administrative segregation at CSATF.

3.   At all times relevant to this lawsuit, Defendant Martinez was employed as a correctional officer at CSATF.

4.  On October 10, 2013, Plaintiff handed Martinez a note through the food port in his cell door requesting removal of his cell-mate from the cell.

5.  On October 10, 2013, after reading the note, Martinez kicked the food port shut.

6.  As Martinez kicked the food port shut, Plaintiff removed his hands from the food port and, in that process, hit his head and elbow on the ground.

7.  Plaintiff had at least four opportunities daily to request medical attention from corrections staff.

8.  Plaintiff did not request medical attention for injuries allegedly suffered in the October 10, 2008 incident with Martinez.

9.  Plaintiff's medical records do not disclose any mention of injuries or any treatment relating to the October 10, 2008 incident.

## V.   ANALYSIS

### A.   Excessive Force

Martinez contends the force used was de minimis; that he did not make physical contact with Plaintiff; and that Plaintiff suffered no documented harm. Martinez cites to cases in which what he considers to be even more serious force was found to be "de minimis."

Plaintiff asserts he did suffer, and did seek medical attention for, documented injuries to his head or elbow from the incident.

Martinez replies that Plaintiff has failed to make an evidentiary showing sufficient under Rule 56 and Local Rule 260 to create a triable issue.

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. Wilkins v. Gaddy, 559 U.S. 34, 36

1  (2010); Hudson v. McMillian, 503 U.S. 1, 8-9 (1992). To state an Eighth Amendment

2  claim, a plaintiff must allege that the use of force was an "unnecessary and wanton

3  infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001). The malicious

4  and sadistic use of force to cause harm always violates contemporary standards of

5  decency, regardless of whether or not significant injury is evident. Hudson, 503 U.S. at

6  9. However, not "every malevolent touch by a prison guard gives rise to a federal cause

7  of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and

8  unusual punishments necessarily excludes from constitutional recognition de minimis

9  uses of physical force, provided that the use of force is not of a sort repugnant to the

10  conscience of mankind." Id. at 9–10; see also Oliver v. Keller, 289 F.3d 623, 628 (9th

11  Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of

12  force, not de minimis injuries).

13      Whether force used by prison officials was excessive is determined by inquiring if

14  the "force was applied in a good-faith effort to maintain or restore discipline, or

15  maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7. The Court must

16  look at the need for application of force; the relationship between that need and the

17  amount of force applied; the extent of the injury inflicted; the extent of the threat to the

18  safety of staff and inmates as reasonably perceived by prison officials; and any efforts

19  made to temper the severity of the response. See Whitley v. Albers, 475 U.S. 312, 321

20  (1976).

21      Here Plaintiff fails to present substantive opposition to Defendant's motion.

22  Nevertheless, Martinez, to his credit, acknowledges, at least for purposes of this motion,

23  that he kicked the food port shut while Plaintiff's hands were in the port and that he did

24  so in response to Plaintiff's note. Martinez presents nothing to suggest there was a

25  legitimate need to use such force or any force. There is nothing before the Court to

26  suggest that Plaintiff posed a threat, or that there was any good faith penological

27  purpose for the use of force. Accordingly, for purposes of this motion, the Court will

28  proceed on the basis of an understanding that Martinez's kicking the food port shut was

1   not to pursue in good faith an  institutional purpose, but rather was done maliciously to

2   cause harm to Plaintiff or with conscious disregard of the likelihood it could cause such

3   harm. See Dennis v. Huskey, 2008 WL 413772 at *6 (E.D. Cal. February 13, 2008)

4   (prison guard intentionally slamming food port shut on inmate's hand in retaliation for

5   inmate's conduct with another guard establishes a punitive, malicious, sadistic motive of

6   purposely causing harm and pain). For purposes of a prisoner's Eighth Amendment

7   excessive force claim, infliction of pain totally without penological justification is per se

8   malicious. Fillmore v. Page, 358 F.3d 496, 504 (7th Cir. 2004).

9        Defendant argues that the force used was only de minimis. However, from the

10  facts before it, the Court finds the force used to have been a quantum beyond the de

11  minimis "push or shove" referenced in Wilkins. 559 U.S. at 37, citing Hudson, 503 U.S.

12  at 9. Certainly, the slamming of a metal door apparatus against another metal surface in

13  a way that, and at a time when, a prisoners' fingers could have been caught between

14  the two is a level of force which could cause significant bodily harm and which should

15  be protected against unless exerted for a legitimate penological purpose.

16       The Court  interprets Defendant's "de minimis" argument as in fact relying upon

17  the evidence that suggests Plaintiff suffered no discernible injury as a result of that

18  force. The court is sympathetic to that argument and questions whether the level of

19  injury described by Plaintiff can reasonably justify the time and effort devoted to this

20  litigation. However, that is not the criteria for evaluating such a claim. Under the law,

21  Plaintiff need not show documented injury. The malicious and sadistic use of force to

22  cause harm always violates contemporary standards of decency, regardless of whether

23  or not significant injury is evident. Hudson, 503 U.S. at 9. This is so here. Accordingly,

24  the undersigned finds summary judgment on the excessive force claim in favor of

25  Defendant must be denied.

26       **B.    Qualified Immunity**

27       Martinez contends he did not use excessive force against Plaintiff on October 10,

28  2013 and therefore is entitled to qualified immunity.

1   Plaintiff does not address in his opposition the issue of qualified immunity.

2   Government officials enjoy qualified immunity from civil damages unless their

3   conduct violates "clearly established statutory or constitutional rights of which a

4   reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

5   Qualified immunity protects "all but the plainly incompetent or those who

6   knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341(1986). Therefore, "[i]f the

7   [defendant's] mistake as to what the law requires is reasonable . . . the [defendant] is

8   entitled to the immunity defense." Saucier v. Katz, 533 U.S. 194, 205 (2001), overruled

9   in part by Pearson v. Callahan, 555 U.S. 223, 227 (2009); Estate of Ford v. Ramirez–

10  Palmer, 301 F.3d 1043, 1050 (9th Cir. 2002). "The principles of qualified immunity

11  shield an officer from personal liability when an officer reasonably believes that his or

12  her conduct complies with the law." Pearson, 555 U.S. at 244.

13  The facts before the Court at this time reflect that Martinez took the complained-

14  of action maliciously and with the intent to cause great bodily harm or with a knowing

15  disregard for the possibility it could cause such harm and without any legitimate

16  penological purpose. Reasonable custody staff could not have believed his alleged

17  conduct was lawful. See Act Up!/Portland v. Bagley, 988 F.2d 868, 871 (9th Cir. 1993).

18  The undersigned finds Defendant is not entitled to qualified immunity on the

19  Eighth Amendment excessive force claim.

20  **VI.   LEGAL CONCLUSIONS AND RECOMMENDATIONS**

21  Defendant Martinez has not carried his burden of pointing to matters which

22  demonstrate the absence of a genuine factual issue of excessive force and qualified

23  immunity. Therefore, summary judgment in favor of Defendant Martinez is not

24  appropriate.

25  Accordingly, for the reasons set forth above, it is HEREBY RECOMMENDED

26  that Defendant Martinez's April 30, 2013 motion for summary judgment (ECF No. 74) be

27  DENIED, and that this case remain open.

28  These findings and recommendations will be submitted to the United States

District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   October 16, 2013            /s/ Michael J. Seng

UNITED STATES MAGISTRATE JUDGE

8