UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAEKUBIAN A. BARROW,<br><br>Plaintiff,<br><br>v.<br><br>WARDEN CALIFORNIA MEDICAL FACILITY, CORCORAN, et al.,<br><br>Defendants. | Case No. 1:10-cv-00154-LJO-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(ECF No. 86)** |

Plaintiff Raekubian A. Barrow, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. This matter proceeds on Plaintiff's Second Amended Complaint which states an Eighth Amendment excessive force claim against Defendant Martinez.

Before the Court is Plaintiff's motion for appointment of counsel. Plaintiff argues counsel should be appointed because he is an ADA prisoner; suffers unspecified learning and mental disabilities; has limited education and knowledge of the law; lacks ready access to his legal materials and inmate legal assistance; can not afford private counsel; and the case is complex and requires discovery.

1

## I. LEGAL STANDARD

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), partially overruled on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court can not require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his or her claims pro se in light of the complexity of the legal issues involved." Id. Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d). Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

The burden of demonstrating exceptional circumstances is on the Plaintiff. See Palmer, 560 F.3d at 970 (plaintiff "has not made the requisite showing of exceptional circumstances for the appointment of counsel"); accord, Alvarez v. Jacquez, 415 F. App'x 830, 831 (9th Cir. 2011) (plaintiff "failed to show exceptional circumstances"); Simmons v. Hambly, 14 F. App'x. 918, 919 (9th Cir. 2001) (same); Davis v. Yarborough, 459 F. App'x 601, 602 (9th Cir. 2011) (plaintiff "did not show the 'exceptional circumstances' required to appoint counsel under 28 U.S.C. § 1915(e)(1).").

## II. APPOINTMENT OF COUNSEL DENIED

In the present case, the Court does not find the required exceptional circumstances. The Court cannot make a determination at this early stage of the litigation that Plaintiff is likely to succeed on the merits. The claims alleged do not appear to be novel or unduly complex. The facts alleged to date appear straightforward and unlikely to involve any

extensive investigation and discovery.

Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily.

The papers filed by Plaintiff in this case reflect an appreciation of the legal issues and standards and an ability to express same adequately in writing. At present, the Court is unable to find that, even considering Plaintiff's medical condition, he is unable adequately to articulate his claim.

Finally, it is not clear Plaintiff has exhausted diligent efforts to secure counsel.[1]

### III.   ORDER

Accordingly, for the foregoing reasons, Plaintiff's motion for appointment of counsel (ECF No. 86) shall be DENIED without prejudice.

IT IS SO ORDERED.

Dated:   November 21, 2013           /s/ *Michael J. Seng*
                                                                 UNITED STATES MAGISTRATE JUDGE

---

[1] See e.g., Thornton v. Schwarzenegger, 2011 WL 90320, *3–4 (S.D. Cal. January 11, 2011) (cases cited).

3